The first item on calendar is a motion, an NLRB versus local 660. Do you see what the problem is in the drafting of the order? Good morning, Heather Beard for the board. No, I don't. The problem, in a nutshell, is that the order directs that the and the offices of the respondent, but the respondent is the union and the employees of the union are not the people to whom notice has to be given. That's because they're the employees of all state and this is, I know this is a problem and I know this is usually something that is quite routine, but it's unusual where the respondent is a union and the union has been found in the unfair labor practice is that they were representing people without the members. The purpose of an order of the board is always to, when there is a union, as in this case, is a union, the order, I'm looking right now at the order that the administrative law judge issued actually and I'm going to ascertain, forgive me, I was not aware that there was a problem with the order and so what I'm doing right now is I'm taking a quick look at it. Your Honor, I can help, I think. If you look at the order itself and you look at paragraph two. Okay, and I'm looking at the order in the proposed judgment, is that correct? I first want to make sure that it's consistent with the judge's order, okay? Yeah, well, I mean, even if the judge ordered that the thing be posted. Correct. No, I just wanted to make that first hurdle that we didn't get it wrong in repeating what the judge's order was, which is what the board has found and so if we're good with that, I'm certainly happy to look to the substance. Take a look at, A says reimbursed within twice the employees of all state. So far, so good. Correct. And B says within 14 days after service by the region, the respondent should post in its offices and meeting halls copies of the attached, but if they, that'll give notice to the employees of the union, but not to the employees of all state who have paid about six figures in dues. Well, I believe that at the end of that paragraph, 2B we're looking at, it states that, you know, in the event during the pendency that the respondent, okay, the respondent hasn't gone out of business, there's a duplication in mailing to the employees employed by all state. So I see that wouldn't cover what your honor's concern is. No, and in fact, it does say that if the respondent customarily communicates with its members by email, then the notice ought to go by email. The trouble is, these people are not members. That's the whole point of the unfair labor practice. And so the question becomes, what in this order provides reasonable assurance that the notice is going to be given to the employees of all state? Well, I guess I'm not actually at this time in a position to correct what the judge's order is, because legally, what the judge has ordered, what the board adopted, there have been no exceptions to that. And so therefore, our- The thing is, why would the union take an exception to something that would not give notice to the people to whom they're supposed to refund money? I mean, I'm not objecting because I don't have to pay money either. Right, I mean, to the extent I can, although as a representative of the board, I can only come up here and say that given what we, the procedural posture of the case, given that we have an order that the judge recommended as what should resolve the unfair labor practices, and then we have a board decision adopting it because there are no exceptions. And there are no facts in front of the court. It's even worse, you've given notice to the respondent and the respondent hasn't objected, which is why it's here. But the question is whether there's going to be any notice, effective notice. It's to respondent's employees. Now, I would, thinking aloud, if my opponent would agree, I don't think that the region would necessarily, I mean, I can't bind anyone in my agency to do a posting that would inform the employees of all state, I mean, many of them are getting back pay. I mean, that's one thing. Many of them are getting back pay in this order because they had dues taken from their paycheck that went to the union. So they would be getting notice, in effect, by the terms of them getting back pay. But how would they know they're entitled to back pay? Because if they don't know they're entitled to back pay, it may be that nobody, I mean, that's the purpose of the notice is so that they would be able to know they're supposed to get it, and that way know how much. And- Well, I appreciate your Honor's concerns. I just, at this juncture, am not able to change the order of- I understand. I understand. I was hoping you could solve the problem. But I do understand that sitting there, standing there, you're not able to do that. The other problem is, how do you get Allstate to agree to posting the notice in Allstate's premises? Well, actually, your Honor, that's a point that has made me go to the issue that was in the ALJ. This case was settled against Allstate. That's right. That's a footnote. So I am thinking that, and I don't know, perhaps- You could check the settlement and see if they would agree. Because perhaps it's already happened, your Honor, is what I'm saying. Is perhaps in the settlement against the company, which was sort of the order here, or the violation here was that the company recognized the union and it improperly should have recognized. Perhaps in settling, I mean, I don't know the answer to that question that the Allstate posted at its place of business, whatever its notice was, that it had done something wrong, which would have, although it wouldn't have necessarily stated that the union had done something wrong. I just don't know. And so, to the extent you have any other questions- Find out and let us know what's in that settlement. The only problem I would have with that is I have no idea if there's a confidentiality provision in that settlement agreement. And so, I mean, I imagine if the court would instruct me to, absolutely. I don't think, I mean, in response, I think you could comply with what Judge Poole is suggesting without actually giving us a copy of it. I mean, but if you said that under the terms, the company would be obliged to permit the posting of the notice. I don't think that that reveals any confidential aspects of it. Right, although as I'm up here, Your Honor, I'm thinking that I don't know that the notice provision the company would have agreed to would necessarily have anything to do with what the union's obligation was. I mean, typically in these cases, the order goes to the respondent notifying at its place of business. And I see Your Honor's point about perhaps the efficacy of having a broader order. It looks like this order is sort of a fill in the blanks, which if something works, lawyers tend to use it again. But here, it doesn't seem to work because of the nature of the parties. Maybe the sensible thing is for us to check with the union right now, since everybody's here, and see whether you could both advise us. Within, say, a week or two weeks, whatever it is, as to whether the order will be or can be altered, or whether the concerns that I'm expressing are obviated by the fact that the payment already went out, or some other measures. I guess, that's fine, Your Honor. I guess the one final thing, though, I'll emphasize, which I think Your Honor said as well, is that given the procedural posture we're in with regard to this motion, I just want to make it clear that the summary enforcement is of obviously what the board's order incorporates, only what the judge's recommended order was. And so at this point, if there was to be, if you thought there should be a broader order, and we don't work it out, we'd like the opportunity to at least brief the issue, or give Your Honor some- That's fine. Look, I appreciate you both coming in. I'm well aware that this thing is usually, these kinds of things are usually just routinely entered. Sure. But, I mean, this is like having a recall of a consumer product and having the notice posted in the corporate cafeteria. I mean, the people who are supposed to be aware of the danger are never going to find out. Right, no, I understand. And just sort of, without knowing what the court had been interested in knowing, I was not able, unfortunately, I apologize, to know exactly what the problem was. I apologize, this is not obvious, and I appreciate your coming in and explaining at least what the difficulty is and what the nature of the hurdle is that we have to get over. Okay, great, and if you have any questions after my opponent's up here, let me know. By all means, thank you. And to the extent that there's any confidentiality problem, you can always ask that something be filed under seal. Sure. Okay, thank you, Your Honor. Mr. McCarthy? Yes, Your Honor. I mean, I take it you had no need to object or to interpose any objections because this doesn't really require you to give notice to the employees of Old State. Your Honor, I have been admonished a number of times that I need to apply to be admitted pro hoc v. You speak into the microphone, please. What's that? Speak into the microphone. I'm sorry. I've been admonished a number of times to apply to be admitted pro hoc v for the purpose. You are welcome, and the motion is granted. How can I help? Well, have the refunds gone out? No. They would not normally go out until this order was confirmed. Is it the union's intention to send out the refunds when the order is confirmed? I think that the union is in a position where they can't afford to do that, but if they have the money, they will clearly do that. And if they don't, under this order, the employer, Old State, has to pay? I don't know that it's under this particular order, but the judge does in a footnote indicate that the settlement agreement makes the employer jointly and severally liable. So, your client . . . My client would be the first entity to which the board would go to get repaid, and if they didn't have the money, it would be the employer, I assume, secondarily. You're figuring they're not going to have the money, so the union's not going to . . . Well, all I can tell you, your honor, is . . . So, few of us can write a check for a hundred-some-odd thousand dollars? Well, they can't even write the check for much smaller amounts. I can tell you that from personal experience. Okay. Thank you. Thank you. Okay. Then, we'll hear, I hope, at least from the NLRB in a couple weeks, if that's convenient. Sure. I mean, I don't know if you want to issue an order, or I can just tell you that, sure, we will get back to you with . . . We'll hold this in abeyance. Okay. It may be an intractable problem, I don't know, but it would be good if you guys could try to solve it. We absolutely will. We'll do it as soon as we can. Thank you. Thank you both for coming.